NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10187 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-00291-SBA-14 |
| v. | |
| RAMON RUBIO, AKA Chuy, AKA Jose DeJesus Munoz, AKA Primo, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Ramon Rubio appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rubio contends that the district court abused its discretion by concluding that his medical conditions and the COVID-19 pandemic were not extraordinary and compelling reasons warranting release. The record reflects that the district court thoroughly considered Rubio's health conditions, his medical care during the COVID-19 pandemic, and the conditions at his facility. The court denied release because of the low rate of infection at his facility, the high percentage of vaccinated inmates at his facility, and the Bureau of Prisons' ability to provide adequate medical care for Rubio. Contrary to Rubio's argument, the district court's conclusions were reasonable and adequately supported by the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Moreover, the court did not abuse its discretion by declining to address the 18 U.S.C. § 3553(a) factors or conduct any further analysis after concluding that Rubio lacked extraordinary and compelling reasons warranting release. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A] district court that properly *denies* compassionate release need not evaluate each step.").

**AFFIRMED.**